UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KHALID MOHAMMAD and
MUNAZZA MOHAMMAD,

               Plaintiffs,

  -against-                                              **OPINION AND ORDER**
                                                           06-CV-1342 (SJF) (ETB)

MIKE CONNOLLY, SUFFOLK COUNTY POLICE
DEPARTMENT,[1] and FEDERAL BUREAU OF
INVESTIGATION,

               Defendants.
------------------------------------------------------------X
FEUERSTEIN, J.

I.      Introduction

On March 23, 2006, *pro se* plaintiffs Khalid Mohammad and Munazza Mohammad commenced civil action number 06-CV-1342 pursuant to 42 U.S.C. § 1983 alleging violations of their civil rights. On May 5, 2006, *pro se* plaintiff Khalid Mohammad commenced civil action number 06-CV-2087 pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. On May 18, 2006, the Court ordered that case numbers 06-CV-1342 and 06-CV-2087 be consolidated into lead case number 06-CV-1342 as related actions. Defendant Federal Bureau of Investigation ("Defendant" or "FBI") now moves, unopposed, for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).[2] For the reasons set forth below, Defendant's

---

[1] Plaintiffs have erroneously referred to the Suffolk County Police Department as the "New York Police Department" in their complaint. The Court has corrected the caption.

[2] The cases were consolidated by the Court before the complaint in 06-CV-1342 was served on Defendant. It appears that the complaint in 06-CV-2087 was never officially served on Defendant. Nevertheless, at the time Defendant appeared in this action, it was put on notice that this case involved two (2) complaints consolidated into

1

motion pursuant to Fed. R. Civ. P. 12(b)(1) is granted.[3]

II.     Plaintiffs' Pleadings

A *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  To this end, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).  Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law.  Faretta v. California, 422 U.S. 806 , 834 n. 36 (1975).

III.    Background

   A.   Factual Background

Plaintiff Khalid Mohammad ("Khalid") claims to be a legal resident of New York, but lists an address in Marina, California.  See 06-CV-1342 Compl. at 1.  Plaintiff Munazza Mohammad ("Munazza"), his sister, is a resident of Central Islip, New York.  See id.

During the Summer of 2004, Khalid viewed sexually explicit video clips and photographs of Jane Doe over the internet.  06-CV-1342 Compl. at 3-4.  Khalid was then thirty five (35) years old.  06-CV-1342 Compl., Ex. A at 2.  Khalid admitted to knowing that Jane Doe was a minor. Id. at 5.  Khalid began to converse with Jane Doe over the phone, and he eventually went to

---

one (1) action.  Consequently, Defendant has responded to the allegations in both complaints.

[3] Since the Court grants Defendant's motion pursuant to Fed. R. Civ. P. 12(b)(1), it need not reach the merits of Defendant's motion pursuant to Fed. R. Civ. P. 12(b)(6).

California to allegedly meet with her and her parents. See 06-CV-1342 Compl. at 4; Ex. A at 4-6.

On November 16, 2004, Khalid was arrested in King City, County of Monterey, California. See 06-CV-1342 Compl. at 4; Ex. A. Khalid was charged with five (5) counts: 1) stalking in violation of California Penal Code § 646.9; 2) child pornography in violation of California Penal Code § 311.1; 3) two counts of telephonic or electronic communication with the intent to annoy in violation of California Penal Code § 653m; and 4) attempted extortion in violation of California Penal Code § 524. 06-CV-1342 Compl., Ex. C at 1. As part of a plea agreement, Khalid entered a conditional plea of *nolo contendere* to Count I, stalking, as a felony offense, and Count IV, attempted extortion, as a felony offense. Id. Khalid is currently serving a probation sentence in California. 06-CV-1342 Compl. at 2.

After Khalid's arrest in California, certain of his and Munazza's property, including Munazza's computer, was seized in New York. 06-CV-1342 Compl. at 4-5; Ex. D.2. Khalid and Munazza claim that prosecutors in California "deliberately destroyed or ignored all incriminating evidence against Jane Doe." 06-CV-1342 Compl. at 5. Munazza also claims that the seized computers contain medical research data, which is unrelated to the charges against Khalid. 06-CV-1342 Compl. at 5; Ex. D.2. Munazza claims that she had a conversation with defendant Mike Connolly in which he stated he had received the computers back from the District Attorney's Office in California and that they could be retrieved by Khalid reporting to the Suffolk County Police Department with his picture identification. 06-CV-1342 Compl., Ex. D.2.

B.  Plaintiffs' Claims

In the first complaint, plaintiffs allege that "[m]unicipal defendants deliberately violated the constitutional privileges and civil rights of the plaintiffs through malfeasance on two (2) major counts." 06-CV-1342 Compl. at 2-3. Plaintiffs allege in the first "count" that Mike Connolly "abetted to contaminate the seized property by transferring it from the jurisdiction of Suffolk County in NY to the jurisdiction of the county of Monterey in CA for a <u>malicious prosecution</u> of the criminal case against [Khalid]." Id. at 3 (emphasis in original). In the second "count," plaintiffs allege that "the municipal defendant facilitated prosecution in CA in violating 'MEGAN'S LAW.'" Id. (emphasis in original). Plaintiffs allege that the prosecution in California engaged in spoliation of the child pornography and a "selective prosecution" against Khalid. Id. Plaintiffs allege that they "<u>suffer ongoing FEAR for the safety of the under aged [sic] children</u> in [Khalid] and [Munazza's] extended family," although there are no other references to any children. Id. (emphasis in original). The complaint lacks a prayer for relief and a signature page. Attached to the complaint are copies of a King City Police Department Incident Report (Ex. A); Memorandum of Investigator David Norum, of the Office of the District Attorney, County of Monterey, dated December 14, 2004 (Ex. B); Probation Officer's Report in State of California v. Khalid Mohammad, Action No. SS040391A in Superior Court of California, County of Monterey, King City Division (Ex. C); and affidavits of Khalid and Munazza (Ex. D).

In the second complaint, plaintiff alleges that "[m]unicipal defendants violated the

plaintiff's civil rights (42 U.S.C.A. § 1983) by deliberately abetting CAP[4] to commission misconduct." 06-CV-2087 Compl. at 4. Plaintiff claims that "[d]efendants can be charged under 18 U.S.C. § 2(b) under which a defendant '. . . causes an act to be done . . .' that act being a violation of another statute, in this case 18 U.S.C. § 1462." Id. (citation omitted). Further, plaintiff asserts that "[m]unicipal defendants abetted CAP violate [sic] the plaintiff's civil rights (42 U.S.C.A. § 1983) and the plaintiff's guaranteed protection against discriminatory prosecution (14th Amendment)." Id. (emphasis in original).

In the first complaint, plaintiffs make only two (2) references to the FBI. First, plaintiffs allege that after several inquiries, "Mike Connolly and the FBI informed [Munazza] that the seized property from [Khalid]'s place of residence in Patchogue NY has been transferred to the county of Monterey in California at David Norum and Dean D. Flippo's request." 06-CV-1342 Compl. at 5. But see 06-CV-1342 Compl., Ex. D.2 at 1 (affidavit of Munazza that FBI never returned her phone calls inquiring about the status of her seized property). Second, plaintiffs allege that Khalid requested that Mike Connolly of the Suffolk County Police Department inform the FBI of his allegations that Jane Doe should be prevented from distribution of child pornography of herself via the internet, and Connolly's alleged failure to inform the FBI. 06-CV-1342 Compl. at 6.

In the second complaint, plaintiff claims only that Connolly informed him that "initially FBI seized the plaintiff's property for NYPD." 06-CV-2087 Compl. at 3. Neither complaint sets forth a cause of action directed at the FBI.

---

[4] "CAP" is an assortment of individuals from California that plaintiff refers to as California Prosecution, and to which he explains includes the prosecutors, the probation officer, the arresting officer, the public defender, the investigator, and the judge. See 06-CV-2087 Compl. at 2.

5

IV.     Standard of Review

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a claim when the federal court "lack[s] . . . jurisdiction over the subject matter." A plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. See Luckett v. Bure, 290 F.3d 493, 496-97 (2d Cir. 2002). Further, a court must decide a 12(b)(1) motion before other motions to dismiss. See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n., 896 F.2d 674, 678 (2d Cir. 1990).

In considering a motion to dismiss for lack of subject matter jurisdiction, the court must assume the truth of the material factual allegations contained in a complaint. See Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citing J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004)). However, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Norton v. Larney, 266 U.S. 511, 515 (1925)). "[W]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." LeBlanc v. Cleveland, 198 F.3d 353, 356 (2d Cir. 1999).

V.      Analysis

   A.   Constitutional Violations

Plaintiffs allege violations of 42 U.S.C. § 1983. However, Section 1983 provides a claim for relief only against defendants who act under color of state law, and federal officials act under

6

federal law. See 42 U.S.C. § 1983. See also Wheeldin v. Wheeler, 373 U.S. 647 (1963).

Even liberally construed pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971), plaintiffs' claims would still fail.[5] A Bivens action allows an individual to sue a federal employee for damages resulting from a violation of an individual's constitutional rights while acting under the color of federal law. Correctional Services Corp. v. Malesko, 534 U.S. 61, 70-71 (2001). However, actions against federal agencies of the United States are barred by the doctrine of sovereign immunity, unless such immunity is waived. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994) (citing F.D.I.C. v. Meyer, 510 U.S. 471, 484-86 (1994)). See also Sereika v. Patel, 411 F. Supp. 2d 397, 402 (S.D.N.Y. 2006).

The United States has not waived its sovereign immunity in this case and therefore, plaintiffs' claims against the FBI are dismissed for lack of subject matter jurisdiction.

B.   Federal Tort Claims Act

Insofar as plaintiffs' claims can be read to assert wrongful seizure and/or destruction of data under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671, *et seq.*, plaintiffs' claims are dismissed for lack of subject matter jurisdiction. Plaintiffs do not allege compliance with the presentment requirement of the FTCA. The FTCA states in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent

---

[5] Federal courts have analogized Bivens claims to claims under 42 U.S.C. § 1983. See, e.g., Butz v. Economou, 438 U.S. 478, 498-501 (1978); Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995); Chin v. Bowen, 833 F.2d 21, 23 (2d Cir. 1987).

7

or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . .

28 U.S.C. § 2675(a). The presentment requirement of Section 2675 "must be satisfied to obtain jurisdiction to sue the United States." Romulus v. United States, 983 F. Supp. 336, 338 (E.D.N.Y. 1997), aff'd, 160 F.3d 131 (2d Cir. 1998). Compliance with Section 2675 "is strictly construed." Id. at 339 (citation omitted). "The burden is on the plaintiff to both plead and prove compliance with the statutory requirements [of the FTCA]. In the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim." In re Agent Orange Product Liability Litigation, 818 F.2d 210, 214 (2d Cir. 1987) (citations omitted).

In this case, plaintiffs did not plead and/or prove compliance with the relevant statutory requirements. Therefore, even under a liberal reading, plaintiffs' complaints do not state a tort claim under the FTCA.[6]

---

[6] The Court recognizes that plaintiffs' claims are also likely barred by Section 2680(c) of the FTCA. Section 2680(c) provides, in relevant part, that the United States may not be sued for "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the *detention* of any goods, merchandise, or other property by any officer of customs or excise or *any* other law enforcement officer[.]" 28 U.S.C. § 2680(c) (emphasis added). This exception applies to "any claim 'arising out of' the detention of goods . . . includ[ing] a claim resulting from negligent handling or storage of detained property." Kosak v. United States, 465 U.S. 848, 854 (1984). The Supreme Court has yet to rule whether Section 2680(c) covers only law enforcement officers operating in a customs or tax capacity, Kosak, 465 U.S. at 852 n. 6, however, the majority of courts, including lower courts in this circuit, have interpreted the exception's protection to extend to all law enforcement officers performing any law enforcement function, including the FBI. See e.g., Garnay, Inc. v. M/V Lindo Maersk, 816 F. Supp. 888, 897 (S.D.N.Y.1993), aff'd without op., 29 F.3d 621 (2d Cir. 1994) (applying the exception to FBI agents); Haughton v. F.B.I., No. 98 Civ. 3418, 1999 WL 1133346, at *6 (S.D.N.Y. Dec. 10, 1999) (same).

8

VI.     Conclusion

       For the reasons set forth above, Defendant's motion to dismiss is GRANTED.


IT IS SO ORDERED.


S/sjf
Sandra J. Feuerstein
United States District Judge

Dated: May 25, 2007
Central Islip, New York